UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X  For Online Publication Only

JAMIE GREENE, LAMELL ARMOR,
FABIAN SAUGAR, JOHN BRENNAN,
and ARTHUR BENNETT, on behalf of
themselves and all others similarly situated,

            Plaintiffs,

   -against-                              **ORDER**
                                              22-cv-3300 (JMA) (ST)

METROPOLITAN TRANSPORTATION
AUTHORITY, LONG ISLAND RAILROAD,
METRO-NORTH RAILROAD, STATEN
ISLAND RAILWAY, MTA CONSTRUCTION
AND DEVELOPMENT, MTA REGIONAL BUS
OPERATIONS, MTA BRIDGES AND
TUNNELS, and NEW YORK CITY TRANSIT
AUTHORITY,

            Defendants.
───────────────────────────────────────X

**AZRACK, United States District Judge:**

      Plaintiffs Jamie Greene, Lamell Armor, Fabian Saugar, John Brennan and Arthur Bennett, on behalf of themselves and all others similarly situated ("Plaintiffs"), brought an action against Defendants Metropolitan Transportation Authority, Long Island Railroad, Metro-North Railroad, Staten Island Railway, MTA Construction And Development, MTA Regional Bus Operations, MTA Bridges And Tunnels, and New York City Transit Authority ("Defendants" or "MTA") alleging, among other things, delayed wage payments and overtime violations and related damages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (See First Am. Compl., ECF No. 24.) The Court presumes familiarity with the background of this case.

      Presently before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended

Complaint in Part pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").[1] (ECF No. 45.)  In a Report and Recommendation issued on February 26, 2024 ("R&R"), Magistrate Judge Steven L. Tiscione recommended that (1) Plaintiffs' NYLL overtime and frequency of pay claims should be dismissed, and (2) Plaintiffs' FLSA claims should be dismissed as well.  (ECF No. 67.)  Defendants filed timely objections to the R&R, and Plaintiffs responded to those objections.  (ECF Nos. 68–69).  As explained below, the Court adopts the R&R's analysis and recommendations as to the NYLL overtime claims and dismisses those claims.  The Court will address Plaintiffs' objections to the NYLL frequency of pay claims and the FLSA claims in a separate order.

## I.  LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).  When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made.  See id.; see also FED. R. CIV. P. 72(b)(3); Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), aff'd, 578 F. App'x 51 (2d Cir. 2014).  But where "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error."  See Washington v. Gilman Mgmt. Corp., 2023 WL 6211022, at *3 (E.D.N.Y. Sept. 25, 2023); see also

---

[1] Plaintiffs allege four causes of action in their First Amended Complaint: (i) Fair Labor Standards Act: Late Payment–Brought by all Plaintiffs on behalf of the FLSA Kronos Collective, (First Am. Compl. ¶¶ 91–102, ECF No. 24); (ii) New York Labor Law: Late Payment–Brought by all Plaintiffs on behalf of the New York Late Payment Class, (id. at ¶¶ 103–110); (iii) Fair Labor Standards Act: Overtime Rate–Brought on behalf of Plaintiffs Greene, Armor, and Saugar on behalf of the FLSA Shift Differential Collective, (id. at ¶¶ 111–122); and (iv) New York Labor Law: Overtime Rate–Brought on behalf of Plaintiffs Greene, Armor, Saugar, and the New York Shift Differential Class, (id. at ¶¶ 123–130).  In the instant motion, Defendants do not move to dismiss Plaintiffs' third cause of action.

Thomas v. City of N.Y., 2019 WL 3491486, at *4 (E.D.N.Y. Jul. 31, 2019) (same). Moreover, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186–87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)); see Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (explaining that such arguments "may not be deemed objections at all") (internal quotation marks omitted)).

To accept those portions of an R&R "to which no timely objection has been made," however, "a district court need only satisfy itself that there is no clear error on the face of the record." Lorick, 2022 WL 1104849, at *2 (quoting Ruiz v. Citibank, N.A., 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); see also Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011). Objections that are general, conclusory, or "merely recite the same arguments presented to the magistrate judge" do not constitute proper objections and are reviewed only for clear error. Cohen v. LyondellBasel Indus. N.V., 492 F. Supp. 3d. 14, 17 (E.D.N.Y. 2020). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

Additionally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of

entitlement to relief." Twombly, 550 U.S. at 558. When resolving a motion to dismiss, the Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012). That tenet, however, does not apply to legal conclusions. See Iqbal, 556 U.S. at 678. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Moreover, in analyzing a motion to dismiss under Rule 12(b)(6), the Court is limited to the "facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference" or "matters of which judicial notice may be taken." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## II.     DISCUSSION

Applying de novo review to portions of the R&R to which Plaintiffs objected, the Court adopts the R&R's analysis and recommendation concerning the NYLL overtime claims.

### A.     **Plaintiffs' First Objection: NYLL Overtime Claim**

The R&R recommends that the Court grant Defendants' motion to dismiss Plaintiffs' overtime claims under NYLL § 651. (See R&R at 17, ECF No. 67.) The R&R concluded that MTA is exempt from the NYLL's requirements because it is a political subdivision under Article 19 of the NYLL. (See id. at 9 (citing N.Y. Lab. Law § 651(5)(m)). The R&R reasoned that Plaintiffs' NYLL overtime claims should be dismissed under Lucia Vlad-Berindan v. NYC Metro. Transp. Auth., 2016 WL 1317700, at *4 (S.D.N.Y. Apr. 1, 2016), aff'd sub nom. VladBerindan v. NYC Metro. Transp. Auth., 779 F. App'x 774 (2d Cir. 2019) and its application of the test articulated in Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382 (1987). (See id. at 11.) Plaintiffs do not dispute that their NYLL overtime claims fail under Vlad-Berindan if that case's analysis controls. Rather, Plaintiffs contend that Massiah v. MetroPlus Health Plan, Inc., 856 F.

4

Supp. 2d 494, 498 (E.D.N.Y. 2012)—not Vlad-Berindan—contains the proper application of Clark-Fitzpatrick and should govern this dispute. (See Pls.' Obj. at 8–11, ECF No. 68.)

Upon de novo review, the Court overrules Plaintiffs' objections. The R&R correctly concluded that Vlad-Berindan is the most persuasive application of Clark-Fitzpatrick. (See R&R at 13–14, ECF No. 67.) Indeed, multiple courts have questioned Massiah's reasoning because the decision cites no authority for the factors it considered. (See id. at 13 (collecting cases)). And the Court agrees with the R&R's conclusion that, even if the factors identified by Massiah are controlling, Defendants would still be exempt from the NYLL's requirements. (See id. at 14–17.) Plaintiffs contend the R&R's application of Massiah was error because it treated "whether the aims and goals of the statute are furthered by defining a corporation a given way," see Massiah, 856 F. Supp. 2d at 499 (citations omitted), as only one "factor" to be considered rather than "the first point of consideration … and determinative of any 'factors' to be applied." (See Pls.' Obj. at 9, ECF No. 68 (emphases in original)). The Court rejects Plaintiffs' argument and agrees with the R&R's analysis. Notably, Plaintiffs cite no authority for this proposition.

Plaintiffs' two additional objections are also unavailing. First, Plaintiffs argue that the R&R is somehow an inappropriate "policy-based" determination. (Pls.' Obj. at 6, ECF No. 68.) To the contrary, the R&R explicitly noted in its analysis that the only Massiah factor to favor Plaintiffs was their broad, policy-based argument. (See R&R at 17, ECF No. 67.)

Next, Plaintiffs argue that the R&R's analysis did not engage in a "particularized inquiry" as purportedly required by Clark-Fitzpatrick. (Pls.' Obj. at 7, ECF No. 68.) Plaintiffs wrongly contend that Clark-Fitzpatrick is inapplicable because it dealt with punitive damages, and Plaintiffs consider liquidated damages under the NYLL compensatory, rather than punitive. (See id. at 7–8.) This argument is meritless. As explained in the R&R, the distinction Plaintiffs draw between

punitive and compensatory damages is irrelevant to the analysis at hand. (See R&R at 17) ("[T]his Court agrees with Defendants' Reply at 9 that Defendants' arguments do not turn on whether 'liquidated damages under the NYLL are punitive.' Rather, the key inquiry is whether Plaintiffs are employees under Article 19 of the NYLL at all.") (emphasis in original)). Plaintiffs fail to justify why liquidated damages being compensatory instead of punitive makes any difference to that question.

Accordingly, the Court adopts the R&R's recommendation to grant Defendants' motion to dismiss Plaintiffs' NYLL § 651 overtime claims.

**B.       Plaintiffs' Remaining Objections**

Plaintiffs also object to the R&R's dismissal of their NYLL frequency of pay claims and their FLSA claims. The Court will address Plaintiffs' remaining objections in a separate order.

### III.       CONCLUSION

The Court adopts Judge Tiscione's R&R with respect to the dismissal of the NYLL overtime claims. The Court will address Plaintiffs' objections to the NYLL frequency of pay claims and the FLSA claims in a separate order.

**SO ORDERED.**

Dated: March 30, 2024
Central Islip, New York

                                             /s/  JMA
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE